[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 29, 2005
THOMAS K. KAHN
CLERK

————————————————

No. 04-15754

————————————————

D. C. Docket No. 04-00041-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES HUBERT CAIN,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Alabama

————————————————

**(December 29, 2005)**

Before ANDERSON, BLACK and CARNES, Circuit Judges.

BLACK, Circuit Judge:

James Hubert Cain appeals his conviction and 41-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The issue of first impression we address is whether a district court's constitutional error under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), is harmless beyond a reasonable doubt where the district court (1) sentences the defendant to the maximum Guidelines range but (2) provides no indication of whether its sentence would have been the same or higher in an advisory Guidelines system. We affirm Cain's conviction,[1] but we vacate his sentence and remand for resentencing consistent with *Booker*.

## I. BACKGROUND

On June 8, 2003, Alabama State Trooper Thad Chandler pulled over Cain's vehicle on Interstate 10 near Mobile, Alabama, for a traffic violation. When Officer Chandler ran a routine check on Cain's driver's license, he discovered an

---

[1] Cain challenges his conviction by arguing the district court erred when it determined (1) Officer Chandler had probable cause for pulling over Cain's vehicle, and therefore his motion to suppress evidence should be denied; and (2) Officer Chandler administered Cain's *Miranda* warnings before he confessed ownership of the firearm, and therefore his motion to suppress statements should be denied. We conclude the Government presented ample evidence to support the district court's findings. Accordingly, we reject Cain's arguments and affirm the district court's rulings on these two issues.

Additionally, Cain contends 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him, because the only evidence connecting the firearm to interstate commerce was its manufacture out of state. As he concedes, our existing precedent forecloses his argument. *See United States v. Dupree*, 258 F.3d 1258, 1260 (11th Cir. 2001); *United States v. McAllister*, 77 F.3d 387, 390 (11th Cir. 1996).

outstanding felony warrant for his arrest. After Officer Chandler arrested Cain and administered his *Miranda* warnings, a search of Cain's vehicle revealed a briefcase containing a nine-millimeter handgun. When Officer Chandler asked Cain about the handgun, he replied: "It's mine, and no it is not stolen." Cain had a prior felony conviction, so he was indicted for illegal possession of a firearm, pursuant to 18 U.S.C. § 922(g)(1).

Following Cain's trial, the jury returned a guilty verdict. The probation officer determined Cain's total offense level was 16, which consisted of a base offense level of 14, pursuant to U.S.S.G. § 2K2.1(a)(6), and a two-level enhancement for obstruction of justice due to Cain's false testimony at trial, pursuant to § 3C1.1. Based on a total offense level of 16 and a criminal history category of III, Cain's sentencing range was 27 to 33 months. U.S.S.G. ch. 5, pt. A (2003).

At sentencing, the Government argued Cain's total offense level should have included an additional two-level enhancement, pursuant to § 2K2.1(b)(4), for his possession of a stolen firearm. To support this argument, the Government called James Young, who testified armed men stole a nine-millimeter handgun from his home on February 7, 2003. Young identified the handgun found in Cain's possession as the handgun stolen from his home. The district court

determined Cain's handgun was stolen and added a two-level enhancement. Cain

timely objected to this enhancement under *Blakely v. Washington*, 542 U.S. 296,

124 S. Ct. 2531 (2004).[2]

As a result, the district court found Cain's total offense level to be 18 and

his criminal history category to be III. His sentencing range was therefore 33 to

41 months. U.S.S.G. ch. 5, pt. A. The district court sentenced Cain to 41 months'

imprisonment and three years' supervised release.

## II. STANDARD OF REVIEW

We review preserved claims of constitutional error under *Booker* de novo,

and will reverse the district court only if the error was harmful. *See United States

v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005).

## III. DISCUSSION

A. *Constitutional Error*

Cain asserts the district court committed constitutional error when it used

facts neither admitted by him nor found by a jury to impose a two-level

enhancement for possessing a stolen firearm. In *Booker*, the Supreme Court held

the Sixth Amendment right to trial by jury is violated where, under a mandatory

---

[2] Cain argues the Government failed to sustain its burden of proof with regard to the district court's finding he possessed a stolen firearm. We conclude the Government presented ample evidence to meet its burden, and we affirm the district court's finding.

guidelines system, "a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005) (citing *Booker*, 543 U.S. at ___, 125 S. Ct. at 749–56). It is not error, however, to "use . . . extra-verdict enhancements in a non-mandatory guidelines system." *Id.* at 1300. Thus, *Booker* established two types of error in sentencing: (1) the constitutional error of using extra-verdict enhancements to reach a Guidelines result that is binding on the sentencing judge and (2) the statutory error of applying the Guidelines in a mandatory fashion. *See United States v. Shelton*, 400 F.3d 1325, 1330–31 (11th Cir. 2005).

At sentencing, the district court violated Cain's Sixth Amendment right to a jury trial when it found he possessed a stolen firearm—a fact neither admitted by him nor found by a jury—and imposed a two-level enhancement in a mandatory Guidelines system. *See Paz*, 405 F.3d at 948. Accordingly, we conclude the district court committed constitutional error under *Booker*.

B. *Harmless Beyond a Reasonable Doubt*

We will reverse and remand Cain's sentence only if the district court's error was harmful. *See id.* The burden of proving the district court's error was harmless rests squarely on the Government. *See id.* In statutory error cases, "[i]f one can

5

say 'with fair assurance . . . that the [sentence] was not substantially swayed by the error,' the [sentence] is due to be affirmed even though there was error." *United States v. Hornaday*, 392 F.3d 1306, 1315–16 (11th Cir. 2004) (quoting *Kotteakos v. United States*, 328 U.S. 750, 762, 764, 66 S. Ct. 1239, 1246, 1248 (1946)). Constitutional error cases, on the other hand, require application of the "beyond a reasonable doubt" test, instead of the "fair assurance" test, to determine whether the Government has established harmless error. Specifically, in constitutional error cases, the Government must prove beyond a reasonable doubt "the mandatory, as opposed to the advisory, application of the guidelines did not contribute to the defendant's sentence." *United States v. Davis*, 407 F.3d 1269, 1271 (11th Cir. 2005).

The Government contends the district court's imposition of a sentence at the top of the Guidelines range creates an inference the district court would have imposed the same or a higher sentence under an advisory Guidelines system. This inference, the government asserts, establishes the district court's constitutional error was harmless beyond a reasonable doubt.

We disagree. Although a sentence at the top of the Guidelines range arguably suggests the district court would have imposed the same sentence under an advisory Guidelines system, the Government cannot rely on inference alone to

establish the district court's constitutional error was harmless beyond a reasonable doubt. Rather, to establish harmless constitutional error in a case where the defendant received a sentence at the maximum Guidelines range, which was not a statutory mandatory minimum sentence, the Government must at least point to a statement by the district court indicating it would have imposed the same or a higher sentence if it had possessed the discretion to do so.

This holding builds upon the precedent we established in *United States v. Robles*, 408 F.3d 1324 (11th Cir. 2005), and *United States v. Gallegos-Aguero*, 409 F.3d 1274 (11th Cir. 2005). In *Robles*, the district court sentenced the defendant to the minimum Guidelines range and stated "its sentence would be the same even if the guidelines were only advisory." 408 F.3d at 1325, 1328. Due to this statement, "we [did] not have to wonder what sentence the district court would impose if it treated the guidelines as guidelines, because we already [knew] the court would impose the same sentence." *Id.* at 1327. Therefore, we held the Government satisfied its burden of showing the district court's error was harmless beyond a reasonable doubt. *See id.* at 1328.

Similarly, in *Gallegos-Aguero*, the district court sentenced the defendant to eight years' imprisonment, the maximum allowable under the Guidelines. 409 F.3d at 1277. At sentencing, however, the district court considered imposing a

sentence of 20 years, the maximum sentence allowable under the statute of conviction. *Id.* In other words, the district court expressed a desire to impose a higher sentence than allowed under the mandatory Guidelines system. Again, we determined the Government had carried its burden.[3]

Unlike the district courts in *Robles* and *Gallegos-Aguero*, the district court in this appeal did not indicate what sentence it would have imposed had it understood the Guidelines to be advisory. Indeed, the district court merely asserted "a sentence at the high end of the guidelines is appropriate in [Cain's] case." In the absence of a statement indicating whether the district court would have applied the same or a higher sentence in an advisory Guidelines system, "[w]e simply do not know what the sentencing court would have done had it understood the guidelines to be advisory rather than mandatory." *See Davis*, 407 F.3d at 1271. Accordingly, the Government has failed to show the district court's mandatory application of the Guidelines was harmless beyond a reasonable doubt.[4]

---

[3] *Gallegos-Aguero* involved a statutory error claim, and harmless error is less difficult to establish in statutory error cases than in constitutional error cases. *United States v. Mathenia*, 409 F.3d 1289, 1292 (11th Cir. 2005). This appeal involves a constitutional error claim, so we are especially disinclined to find harmless error without a statement by the district court indicating it would have imposed the same or a higher sentence in an advisory Guidelines system. We express no opinion as to whether our holding would have differed if Cain had raised a statutory error claim, instead of a constitutional error claim, on appeal.

[4] Cain also contends the district court committed constitutional error when it imposed a two-level enhancement for obstruction of justice, pursuant to § 3C1.1, in a mandatory Guidelines system. We have suggested in dicta a district court's obstruction of justice finding might not

8

IV.  CONCLUSION

For the foregoing reasons, we affirm Cain's conviction, but we vacate his sentence and remand for resentencing in light of *Booker*.  We note the district court correctly calculated Cain's Guidelines range of 33 to 41 months imprisonment.  *See United States v. Crawford*, 407 F.3d 1174, 1178–79 (11th Cir. 2005) (stating post-*Booker* district courts must consult the Guidelines, and "[t]his consultation requirement, at a minimum, obliges the district court to calculate *correctly* the sentencing range prescribed by the Guidelines").  Thus, on remand, the district court is required to sentence Cain according to *Booker*, considering the Guidelines advisory range of 33 to 41 months imprisonment and "other statutory concerns as well, see [18 U.S.C.] § 3553(a) (Supp. 2004)."  *Booker*, 543 U.S. at ___, 125 S. Ct. at 757.[5]

AFFIRMED IN PART, VACATED AND REMANDED IN PART.

---

violate the Sixth Amendment when the defendant testifies to his innocence and the jury disbelieves his testimony by convicting him.  *See Rodriguez*, 398 F.3d at 1298 n.5.  We need not decide that question in this appeal, however, because we reverse Cain's sentence and remand for resentencing on other grounds.

[5]  Our holding does not suggest the district court must impose any particular sentence on remand.  Rather, we merely hold the Government did not meet its burden of showing the district court's constitutional error was harmless beyond a reasonable doubt.  We also do not attempt to decide now whether a particular sentence might be reasonable in this case.