[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 19, 2006
THOMAS K. KAHN
CLERK

No. 05-10124
Non-Argument Calendar
_____

D. C. Docket No. 04-00132-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GODWIN UMOLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 19, 2006)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Godwin Umole appeals his conviction and 24-month sentence imposed after

he entered a conditional plea of guilty, pursuant to written agreement, for one

count of credit card fraud in violation of 18 U.S.C. § 1029(a)(2). On appeal, he argues that the district court erred by (1) denying his motion to suppress evidence seized pursuant to a search warrant without holding an evidentiary hearing, and (2) sentencing him in violation of his Sixth Amendment right to a jury under mandatory sentencing guidelines in light of *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005).

## I. BACKGROUND

In May 2002, the Postal Inspection Service received information that a mail drop address in Lawrenceville, Georgia was receiving mail consisting of credit card applications, credit cards, and checks in various names. Based upon further investigation, Postal Inspectors discovered that Umole, using a number of aliases, had rented multiple apartments and mail drops for the purpose of receiving credit card applications, credit cards, and checks.

When the Postal Inspectors determined the address of Umole's actual residence, they arrested him on the basis of a federal complaint and arrest warrant. Prior to the arrest, Postal Inspector Carmen Reese submitted an application for a search warrant to a Superior Court Judge in Gwinnett County, Georgia. In her affidavit supporting the application for the warrant, Umole claims that Inspector Reese swore under oath that she was "a duly sworn, certified law enforcement

officer charged with the duty to investigate criminal activity and enforce the criminal laws of the state."

Umole moved to suppress the fruits of that search, contending that Inspector Reese made a false statement deliberately or recklessly. After the district court denied his motion, Umole pled guilty to one count of credit card fraud in violation of 18 U.S.C. § 1029(a)(2).

## II. STANDARDS OF REVIEW

We review the district court's findings of fact on a motion to suppress only for clear error, *see United States v. Jackson*, 120 F.3d 1226, 1228 (11th Cir. 1997), but review failure to grant an evidentiary hearing on a motion to suppress for an abuse of discretion. *United States v. Cooper*, 203 F.3d 1279, 1285 (11th Cir. 2000).

Where, as here, a defendant preserves a constitutional objection to his sentence, we review his sentence *de novo*, and will vacate and remand only for harmful error. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). "To find harmless error, [this Court] must determine that the error did not affect the substantial rights of the parties." *United States v. Hernandez*, 160 F.3d 661, 670 (11th Cir. 1998). The government bears the burden of establishing the absence of prejudice to the defendant's substantial rights.

### III.  DISCUSSION

A.    **Motion to Suppress**

Umole argues that the district court erred in failing to grant him an evidentiary hearing regarding the veracity of the affidavit upon which the search warrant was based.

In *Franks v. Delaware*, the Supreme Court established when a criminal defendant is entitled to an such a hearing.  438 U.S. 154, 98 S. Ct. 2674 (1978).  First, the affidavit supporting the warrant is presumed to be valid.  *Id.* at 171.  The challenger must allege deliberate falsehood or reckless disregard for truth and support these allegations with proof, pointing specifically to the portions of the affidavit claimed to be false.  *Id.*  In addition, the Court stated, "Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required."  *Id.* at 171-72.

This Court, in *United States v. Novaton*, 271 F.3d 968 (11th Cir. 2001), elaborated on the showing required to obtain a *Franks* hearing.  We inferred that the defendant also bears the burden of showing that, "absent those misrepresentations or omissions, probable cause would have been lacking."  *Id.* at

4

987.

Umole meets the first step in the *Franks* test by pointing to false statements made by the Inspector Reese in the affidavit supporting her application for a search warrant. In the affidavit, Inspector Reese represented that she was authorized to investigate violations of state law. The government concedes that this statement is untrue. Although O.C.G.A. § 35-9-15 authorizes federal officers to be appointed as a state law enforcement officer for purposes of enforcing state or federal law, she had not received such an appointment at the time of the search warrant application. Thus, Umole satisfies the first requirement of *Franks* by showing that Inspector Reese's claim of authority showed a reckless disregard for the truth.[1]

With respect to the second step of the showing required to obtain a *Franks* hearing, Umole has not met his burden. Umole has not proved that the affidavit, discounting the Inspector Reese's statement, does not establish probable cause. The district court made the following finding with respect to the affidavit: "This court finds that the affidavit for the search warrant established probable cause. The fact that Inspector Reese misrepresented her authority under state law to obtain the

---

[1]We note that the question of whether seeking and executing a search warrant issued by a state judicial officer violates state law is immaterial to the question before us. When a federal officer seeks a warrant in a federal investigation, we measure the means used by officers to obtain evidence using federal law. *See United States v. Gilbert*, 942 F.2d 1537, 1541 (11th Cir. 1991).

state search warrant, when federal statutory authority grants her such authority, does not make the resulting search unreasonable such as to violate the Fourth Amendment."[2]  Umole has neither challenged this crucial finding nor argued that, absent Inspector Reese's misrepresentation, there would have been no probable cause.  Because Umole has failed to carry his burden, he is not entitled to a *Franks* hearing, and his conviction is affirmed.

B.    ***Blakely/Booker***

We have explained that there are two possible types of *Booker* error:  (1) the error of sentencing a defendant on the basis of facts not found by the jury nor admitted by the defendant under a mandatory guidelines scheme, or "constitutional error"; and (2) the error of being sentenced under a mandatory guidelines scheme, or "statutory error."  *See United States v. Shelton*, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

The Supreme Court in *Booker* reiterated its holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), that a court does not offend the Sixth Amendment when it sentences the defendant on the basis of facts admitted by him. 543 U.S. at __, 125 S. Ct. at 756.  We have held that when a defendant waives his objections to the Presentence Investigation Report (PSI), he is deemed to have

[2]This finding is contained in the magistrate judge's Order for Service of Report and Recommendation of May 5, 2004, which the district court adopted in its entirety.

admitted the facts contained therein. *Shelton*, 400 F.3d at 1330. Therefore, a court who bases its sentence on facts in the PSI to which the defendant does not object does not err.

However, when the court sentences a defendant under a mandatory guidelines system using facts not admitted by the defendant, the sentence violates the Sixth Amendment unless the government can prove that violation was harmless beyond a reasonable doubt. *Paz*, 405 F.3d at 948. In sentencing Umole under a mandatory guidelines system, the district court applied three enhancements based on the characteristics of the offense of credit card fraud, U.S.S.G. §§ 2F1.1(b)(1)(H), 2F1.1(b)(2), and 2F1.1(b)(5)(C)(i) (2000); and applied one enhancement for obstructing or impeding the administration of justice, under U.S.S.G. § 3C1.1. The first three enhancements were based on the amount of loss calculation (§ 2F1.1(b)(1)(H)), that the offense involved moved more than minimal planning (§ 2F1.1(b)(2)), and the unauthorized transfer or use of any means of identification unlawfully to produce or obtain other means of identification (§ 2F1.1(b)(5)(C)(i)).

With respect to the amount of loss calculation, the district court accepted the calculation that Umole put forth and used that number as the basis for the amount of loss enhancement. Umole lodged no further objection to the calculation.

Therefore, he has admitted this fact, and the court's use of the calculation as a basis for sentencing does not violate the Sixth Amendment.

As for the two other enhancements based on offense characteristics, Umole made a general objection to the PSI, noting that he had not admitted the applicability of either adjustment. Likewise, with regard to the enhancement for obstruction of justice, Umole objected to its application. Pursuant to the guidelines, and taking into account these enhancements, the district court imposed a sentence of twenty-four months. The district court committed Sixth Amendment error by doing so because these enhancements were neither admitted by Umole nor found by a jury and were imposed under a mandatory guidelines system. Next we address whether that error was harmless.

The government bears the burden of proving that the district court's error was harmless beyond a reasonable doubt. *Paz*, 405 F.3d at 948. The government has advanced two arguments in support of its contention that this error was harmless. First, the government claims that because the district court sentenced Umole at the high end of the 16-24 month guidelines range, the result would be the same even in an advisory guidelines scheme. Furthermore, the government points to the absence of any indication from the court that it would have sentenced Umole

differently.  The government's arguments miss the point.[3]

First, a sentence at the high end of the guidelines range does not, in itself, establish harmless error.  *United States v. Cain*, 11th Cir. 2005, __ F.3d __, (No. 04-15754, Dec. 29, 2005).  This is especially true when the guideline range is relatively small, as it is here.  In *United States v. Gallegos-Aguero*, 409 F.3d 1274 (11th Cir. 2005), this Court found that the government had established harmless error based on the following:  1) the sentence was the highest allowable within the guideline range, and 2) the district court considered sentencing the defendant *above* the guidelines range, to the maximum allowable under the statute of conviction. *Id.* at 1277.  This Court's holding in *Gallegos-Aguero* depended heavily on the district court's comments regarding the maximum sentence allowable under the statute of conviction, because these comments provided some indication as to whether the defendant might have received a lower sentence if the judge had greater discretion in sentencing.  *Id.* at 1277 n.2.  By contrast, the government's only affirmative showing in this case is that Umole's sentence was at the top of the guidelines range.  A sentence at the top or bottom of the guidelines range does not

---

[3]The district court also denied Umole's request not to apply a sentencing enhancement based on more than minimal planning enhancement found in U.S.S.G. § 2F1.1(b)(2) (2000). This is not a denial of a request to depart downward, but rather a finding that the facts supported this enhancement.  Such a finding does not give any insight into the district court's probable outcome under an advisory guidelines scheme.

9

give any indication, by itself, as to what a district court might do under an advisory guidelines scheme because that might very well reflect the norm for a particular judge. *Cain,* __ F.3d at __; *cf. United States v. Fields*, 408 F.3d 1356, 1361 (11th Cir. 2005) (holding in plain error context that a sentence at the bottom of the guidelines range does not suffice for the defendant to establish prejudice).

Moreover, the government cannot point to an absence of evidence to meet its burden. Because the burden rests with the government in preserved error review, an absence of evidence as to the district court's probable outcome under an advisory guidelines scheme weighs in favor of the defendant. *See Rodriguez*, 398 F.3d 1291, 1301 (noting that, in preserved error context, when the burden is on the defendant, and when no evidence indicates what the district court might have done, the party who bears the burden cannot meet it).

Because the government has failed to meet its burden of proving that the district court's error was harmless beyond a reasonable doubt, we vacate Umole's sentence and remand to the district court for resentencing.

## IV.  CONCLUSION

For the foregoing reasons, and upon careful review of the briefs and record, we remand to the district court for proceedings consistent with this opinion.

**VACATED AND REMANDED.**

10