[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 23, 2006
THOMAS K. KAHN
CLERK

_____

No. 04-15926
Non-Argument Calendar
_____

D. C. Docket No. 03-60032-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFI RAFAEL,
a.k.a. Joe,

Defendant,

ODELIA SHMUELOV,
a.k.a. Odelia Shmuilov,
a.k.a. Odelia Vale,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(May 23, 2006)**

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Odelia Shmuelov[1] appeals her 84-month sentence imposed after a jury convicted her of: (1) conspiracy to commit wire fraud, mail fraud, and extortion; (2) wire fraud; and (3) extortion in violation of 18 U.S.C. §§ 371, 1343, 1951. She also appeals the district court's restitution order imposed under the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A. She argues that the restitution order is invalid because the district court ordered restitution more than 90 days after she was sentenced in violation of procedures set forth in 18 U.S.C. § 3664. She further argues that the district court erred in light of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 261 (2005) by enhancing her sentence and ordering restitution based on judge-found facts under a mandatory guidelines system. She asks us to extend to restitution orders the holding of *Booker*.

We review de novo statutory interpretations involving the legality of a restitution order. *United States v. Maung*, 267 F.3d 1113, 1120 (11th Cir. 2001). The district court must make a restitution determination within 90 days of

---

[1] Rafi Rafael, Shmuelov's codefendant, was originally a party to this appeal. However, he filed a motion to dismiss his appeal with prejudice, which we granted. The appeal continued unabated as to Shmuelov.

sentencing, not of the entry of judgment. *See Maung*, 267 F.3d at 1120-21. "'[S]entencing' means the oral announcement of the sentence." Fed. R. Crim. P. 35(c). Where the district court fails to make a restitution determination within the 90-day limitations period, "the judgment of conviction becomes final and contains no enforceable restitution provision." *United States v. Kapelushnik*, 306 F.3d 1090, 1093-94 (11th Cir. 2002).

We review de novo Shmuelov's timely raised claims of constitutional *Booker* error and reverse only for harmful error. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005) (per curiam) (citation omitted). Constitutional *Booker* error "is the use of extra-verdict enhancements to reach a guidelines result that is binding on the sentencing judge; the error is the mandatory nature of the guidelines once the guidelines range has been determined." *United States v. Shelton*, 400 F.3d 1325, 1331 (11th Cir. 2005). "[I]n constitutional error cases, the Government must prove beyond a reasonable doubt the mandatory, as opposed to the advisory, application of the guidelines did not contribute to the defendant's sentence." *United States v. Cain*, 433 F.3d 1345, 1348 (11th Cir. 2005) (quotations omitted).

Here, the government correctly concedes that the restitution order was not made within 90 days of Shmuelov's sentencing. The restitution order is thus invalid. *Maung*, 267 F.3d at 1122. Accordingly, we reverse the district court's

3

restitution order. Because the restitution order is invalid, we do not reach the issue as to whether that order violated *Booker*.

The government also correctly concedes that it cannot show, beyond a reasonable doubt, that the *Booker* error did not contribute to the defendant's ultimate sentence. Therefore, we vacate the Shmuelov's sentence and remand this case to the district court for re-sentencing consistent with *Booker*. We note that the district court correctly calculated the Guideline's range of 78 to 97 months, which it must consider in an advisory manner along with the other statutory concerns listed in 18 U.S.C. § 3553(a) when it re-sentences Shmuelov. *See Cain*, 433 F.3d at 1349.

**REVERSED IN PART, VACATED IN PART, AND REMANDED.**