[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 04-16442, 04-16443, 04-16564

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 22, 2006
THOMAS K. KAHN
CLERK

_____

D. C. Docket Nos.
00-00032 CR-CB
00-00123-CR-CB-L
04-00103-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT L. PERKINS,
a.k.a. Antwain Perkins

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Alabama

_____

(June 22, 2006)

Before EDMONDSON, Chief Judge, HILL and KRAVITCH, Circuit Judges.

PER CURIAM:

Robert Lee Perkins appeals his sentence for possessing stolen mail matter in violation of 18 U.S.C. section 1708. Perkins contends the district court committed Booker error when it enhanced his sentence based on facts the court found by a preponderance of the evidence. Perkins also contends his sentence is unreasonable. No reversible error has been shown; we affirm.

## I. BACKGROUND

Perkins is a person known to the United States Postal Inspection Service (USPIS) as a "recidivist mail thief." Perkins has four prior federal convictions involving mail theft. Shortly after his March 2004 release from federal prison, and during a period of supervised release, law enforcement officers searched Perkins' residence pursuant to a search warrant and, in Perkins' bedroom, found over 50 pieces of mail -- including bank statements, checks, credit card statements, and other items -- addressed to persons other than Perkins and the home's other residents. Officers also discovered a kit for making fraudulent identification cards as well as five completed fake identification cards that were associated with stolen mail found at Perkins' residence, that bore Perkins' fingerprints, and -- in at least one instance -- that bore Perkins' photograph with a victim's name.

2

Perkins pleaded guilty to possessing stolen mail matter in violation of 18 U.S.C. section 1708.[1] In his guilty plea, Perkins admitted only the facts of the underlying offense. The district court then found by a preponderance of the evidence that Perkins' conduct involved the unauthorized transfer or use of identification unlawfully to produce or obtain other means of identification and enhanced Perkins' sentence under U.S. Sentencing Guidelines section 2B1.1(b)(9)(C)(i) (currently codified at section 2B1.1(b)(10)(C)(i)). The district court then departed upward from the Guidelines' recommended range based on the court's belief that Perkins' criminal history category did not accurately reflect his lengthy criminal record, the seriousness of his offense, or the likelihood of recidivism.[2]

---

[1] A three-count indictment charged Perkins and his girlfriend, Sharon Fantroy, with attempting to cash a forged United States Treasury check in violation of 18 U.S.C. section 510(a)(2) (count one), possessing a false identification document in violation of 18 U.S.C. section 1028(a)(4) (count two), and possessing fifteen pieces of stolen mail matter in violation of 18 U.S.C. section 1708 (count three). Perkins pleaded guilty only to count three -- possession of stolen mail matter. The first two counts were dismissed on motion of the United States.

[2] Perkins' lengthy criminal history resulted in a criminal history category six -- the highest possible category. Citing Perkins' "abysmal record of complying with society's norms" and the inadequacy of Perkins' criminal history category, the district court inflated Perkins' base offense level, which resulted in a higher sentencing range. The district court observed that sentencing for the instant offense included Perkins' fifth revocation proceeding, indicating that Perkins had four times previously committed new offenses while on probation or supervised release. The court further observed that the instant offense was Perkins' fifth fraud or mail-related conviction, that Perkins had been arrested at least 19 times before, and that Perkins had charges pending against him for other unrelated offenses.

With the enhancement and upward departure, Perkins' recommended sentencing range increased from 24-30 months' imprisonment to 37-46 months' imprisonment. The court sentenced Perkins to 46 months' imprisonment, to be followed by three years of supervised release. Perkins objected, asserting that the enhancement and upward departure violated Blakely v. Washington, 124 S.Ct. 2531 (2004).

The district court also considered revocation of Perkins' supervised release.[3] At the time of the instant offense, Perkins was on supervised release after having served 33 months' imprisonment for bank fraud, possessing stolen mail matter, and conspiracy and a separate 24-month sentence for possessing stolen mail matter. For violating the mandatory conditions of his supervised release, the district court sentenced Perkins to an effective sentence of 27 months' imprisonment.[4] The district court then imposed the 27-month revocation sentence to run consecutive to Perkins' 46-month sentence for the instant offense, leaving a total effective sentence of 73-months' imprisonment.

---

[3]Perkins consented to consolidating his sentencing hearing for violation of his supervised release with his sentencing for possession of stolen mail matter.

[4]The district court sentenced Perkins to two revocation sentences -- one sentence of 27 months' imprisonment and the other of 24 months' imprisonment -- to run concurrently with each other.

## II. DISCUSSION

A. Sentence Enhancements.

Perkins contends the district court committed unconstitutional <u>Booker</u> error when the court enhanced his sentence based on facts neither admitted by him nor found by a jury. Enhancing a sentence, under a mandatory guidelines system, based upon facts neither admitted by the defendant nor found by a jury violates the defendant's Sixth Amendment right to a jury trial. <u>United States v. Booker</u>, 125 S.Ct. 738, 749-56 (2005). <u>Booker</u> established two types of sentencing error: (1) constitutional error, in which the sentencing court uses extra-verdict enhancements to reach a Guidelines result that is binding on the sentencing judge; and (2) statutory error, in which the court merely applies the Guidelines as mandatory. <u>United States v. Cain</u>, 433 F.3d 1345, 1347 (11th Cir. 2005).

That the district court committed statutory <u>Booker</u> error by sentencing Perkins under a mandatory guidelines scheme is undisputed. And the district court further committed constitutional <u>Booker</u> error when it enhanced Perkins' sentence under Guidelines section 2B1.1(b)(9)(C)(i) based on its finding that Perkins used

fraudulent identification cards -- a fact neither admitted by Perkins nor found by a jury. The remaining question is whether this error requires re-sentencing.

Because Perkins preserved his claims of Booker error below, we review his claims de novo and will reverse the district court only if the error was harmful. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). To show harmless constitutional error, the Government must prove beyond a reasonable doubt that the Guidelines' mandatory application did not contribute to Perkins' sentence. Cain, 433 F.3d at 1348. See also Paz, 405 F.3d at 948 ("This standard is met only where it is clear beyond a reasonable doubt that the error complained of did not contribute to the [sentence] obtained.") (internal quotation omitted). "Although this is a high burden, it is not insurmountable." United States v. Moriarty, 429 F.3d 1012, 1021 (11th Cir. 2005).

That Perkins was given the maximum sentence in the Guidelines range is not, by itself, sufficient to establish harmless error beyond a reasonable doubt. Cain, 433 F.3d at 1348. We have written that "to establish harmless constitutional error in a case where the defendant received a sentence at the maximum Guidelines range . . . the Government must at least point to a statement by the district court indicating it would have imposed the same or a higher sentence if it had possessed the discretion to do so." Id.

Several statements by the district court here indicate that Perkins would have received the same or a higher sentence had the Guidelines been advisory. During the sentencing proceedings, the court stated:

> [Perkins'] probation has been revoked in other cases . . . this would be his fifth revocation hearing from prior sentences . . . . The second point is it's his . . . fifth, if I am not mistaken, fraud related, mail related conviction . . . . I am looking at a defendant who has an abysmal record of complying with society's norms and directions from various courts, including this one, to abide by conditions of supervised release. So I wonder if a maximum, under this guideline of 30 months, is an adequate sentence to reflect . . . his past crime conduct or the likelihood that he will commit other crimes.

And after Perkins' plea allocution, the court rebuked Perkins' explanation for his conduct, saying these things:

> I'm not persuaded, Mr. Perkins, that that has a whole lot to do with why you started back into your repetitive pattern of committing these type of offenses. And I think society deserves a break from your habits. And I am going to impose the maximum sentence . . . . I have imposed [this] sentence . . . because I believe it addresses the sentencing objective of punishment, deterrence and incapacitation.

This case is not one where we "simply do not know" what the district court would have done under an advisory Guidelines scheme. Cf. United States v. Davis, 407 F.3d 1269, 1271 (11th Cir. 2005) (finding harmful constitutional Booker error and remanding case for re-sentencing when reviewing court found no indication of what sentencing court would have done had it understood the

Guidelines to be advisory).  That the district court departed upward from the Guidelines <u>after</u> enhancing Perkins' base offense level, imposed the maximum sentence available, and expressed an intent to give society a "break from [Perkins'] habits," makes it clear beyond a reasonable doubt that the district court would not have imposed a lesser sentence under an advisory Guidelines scheme. See <u>Moriarty</u>, 429 F.3d at 1021 (concluding that constitutional <u>Booker</u> error was harmless when sentencing court imposed maximum sentence and expressed intent to take defendant "out of society").  The district court's <u>Booker</u> error was therefore harmless.[5]

## B.  Reasonableness of the Sentence.

Perkins further contends that the district court's decisions to depart upwardly from the recommended Guidelines range and to impose Perkins' revocation sentences consecutively to his sentence for possessing stolen mail matter are unreasonable.  We review Perkins' final sentence for reasonableness.

---

[5]The statutory <u>Booker</u> error was also harmless.  Statutory error is subject to a less demanding standard of review than the "harmless beyond a reasonable doubt" standard which the Government has already satisfied.  See <u>Moriarty</u>, 429 F.3d at 1021 (citing <u>United States v. Mathenia</u>, 409 F.3d 1289, 1291-92 (11th Cir. 2005)).

8

United States v. Winingear, 422 F.3d 1241, 1245-46 (11th Cir. 2005) (citing Booker, 125 S.Ct. at 765). Our review is guided by the factors outlined in 18 U.S.C. section 3553(a), which include the available sentences, the applicable Guidelines range, the nature and circumstances of the offense, the need to protect the public, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. Id.

The district court is not required to discuss each of the section 3553(a) factors. United States v. Talley, 431, F.3d 784, 786 (11th Cir. 2005). But the district court's comments, as detailed above, show that it considered these factors in rendering Perkins' sentence. The district court departed upward from the recommended Guidelines range based on Perkins' "abysmal record," the alarming "speed with which [Perkins] came out [of prison] and recidivated," the seriousness of his offenses, the need to deter Perkins' conduct, and the need to protect society from further crimes. Upon review, we conclude that the district court's upward departure was reasonable.

Perkins also contests the reasonableness of imposing his revocation sentences consecutive to his sentence for possessing stolen mail matter, particularly after the district court's upward departure in the main case. Because Perkins raises this as a Booker issue for the first time on appeal, we review for

9

plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).

District courts have discretion to impose revocation sentences concurrently or consecutively. United States v. Quinones, 136 F.3d 1293, 1295 (11th Cir. 1998). And the district court acted within its discretion because Perkins admitted that he violated the terms of his supervised release. United States v. White, 416 F.3d 1313, 1318 (11th Cir. 2005) (concluding that no constitutional error occurred when defendant admitted violating terms of his supervised release).

We cannot say the district court acted unreasonably when it imposed Perkins' revocation sentences to run consecutively to his sentence for possessing stolen mail matter. Perkins' revocation sentences were within the statutory maximum sentences available. And, as we noted above, the district court adequately considered the section 3553(a) factors in arriving at Perkins' final sentence. See United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006) (affirming consecutive revocation sentence as reasonable when defendant admitted that he violated conditions of his supervised release and sentencing court considered section 3553(a) factors in arriving at sentence within statutory maximum sentence). Upon review, we conclude that Perkins' sentence is not unreasonable.

## III. Conclusion

Perkins final sentence reflects the seriousness of his crimes and his astounding rate of recidivism. The sentence is not unreasonable. We also conclude that the district court's <u>Booker</u> error was harmless beyond a reasonable doubt. We accordingly affirm Perkins' sentence.

AFFIRMED.