[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 13, 2008
THOMAS K. KAHN
CLERK

----------------------------------------

No. 06-13434
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 06-60140-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMAR JOHNSON,

Defendant-Appellant.

----------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

----------------------------------------------------------------

**(February 13, 2008)**

Before EDMONDSON, Chief Judge, TJOFLAT and HULL, Circuit Judges.

PER CURIAM:

Defendant-Appellant Jamar Johnson appeals his conviction and 120-month sentence for being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). No reversible error has been shown; we affirm.

Johnson first argues that the district court erred in not conducting a Franks v. Delaware, 98 S.Ct. 2674 (1978), hearing on his motion to suppress. The motion was based on an omission from the warrant affidavit of a prior warrantless entry into his residence. He contends that this omission was material and rendered the warrant invalid.[1]

Here, the search warrant in question was issued on the affidavit of an agent with the Federal Bureau of Investigation ("FBI") who had interviewed two minor runaway girls about Johnson. One girl informed officers that Johnson held them, along with their minor cousin, against their will and tried to force them into prostitution. The girl indicated that Johnson had, among other things, two or three guns in his house. Upon receipt of this information, officers traveled to a residence at the direction of the two girls. There, officers found the third girl standing in the driveway with another woman. And a car matching the description given was observed driving suspiciously in the neighborhood. All three girls

---

[1]Johnson also argues that a hearing should have been conducted to determine whether the prior warrantless entry was valid. But this argument is irrelevant to whether the entry's omission from the warrant rendered it invalid.

identified Johnson as the driver; and upon questioning by the police, he admitted living at the residence. Though not included in the affidavit, officers, after stopping Johnson, conducted a protective sweep of his residence to see if any others were being held against their will but did not seize any evidence. The next day, pursuant to the warrant, officers searched Johnson's residence and discovered the firearms forming the basis of the instant indictment.

While generally, we review a district court's denial of an evidentiary hearing for an abuse of discretion, we have not stated the precise standard of review for the denial of a Franks hearing. United States v. Arbolaez, 450 F.3d 1283, 1293 (11th Cir. 2006). But where, as here, the more exacting de novo standard is satisfied, we need not address the issue. Id.

Affidavits supporting arrest warrants are presumptively valid. Franks, 98 S.Ct. at 2684. A defendant may challenge the veracity of an affidavit in support of a search warrant only if he makes a "substantial preliminary showing" that (1) the affiant deliberately or recklessly included false statements, or failed to include material information, in the affidavit; and (2) the challenged statement or omission was essential to the finding of probable cause. Arbolaez, 450 F.3d at 1293 (citing Franks, 98 S.Ct. at 2676). Only if a defendant makes such a showing is he entitled to an evidentiary hearing on the issue. Id.

Here, Johnson failed to make the required showing entitling him to a hearing. Johnson did not meet the first part of the Franks test because the omission was not material. The warrant did not include information or evidence obtained from the protective sweep; instead, it was based on statements made before, and not as a result of, the warrantless entry. See United States v. Jenkins, 901 F.2d 1075, 1080 (11th Cir. 1990) (explaining that insignificant and immaterial omissions will not invalidate a warrant). Johnson has not met the second part of the Franks test either because inclusion of the prior warrantless entry would not have affected the probable cause determination. The warrant was supported by specific, detailed testimony of a girl who stated that she and two others were held involuntarily at Johnson's house and that Johnson had guns in the house. This information was corroborated when the girls directed officers to Johnson's residence. Accordingly, the district court did not err in denying Johnson's motion to suppress without a hearing.

At trial, the government introduced evidence that Johnson held the girls against their will, attempted to force them into prostitution, and displayed firearms to them. Johnson argues that the district court erred, under Fed.R.Evid. 403 and 404, in admitting this evidence because it only showed bad character, was

4

unrelated to the charge of possession of firearms by a convicted felon, and was likely to inflame the jury.

We review a district court's evidentiary rulings for an abuse of discretion. United States v. Eckhardt, 466 F.3d 938, 946 (11th Cir. 2006), cert. denied, 127 S.Ct. 1305 (2007). Under Fed.R.Evid. 404(b), evidence of uncharged crimes "is not admissible to prove the character of a person in order to show action in conformity therewith." But evidence of uncharged crimes is not extrinsic under Rule 404(b) if it is (1) an uncharged offense that arose out of the same transaction as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence about the charged offense. United States v. Wright, 392 F.3d 1269, 1276 (11th Cir. 2004) (citation omitted). And an uncharged crime about the chain of events explaining the context, motive and set-up of the crime properly is admitted if linked in time and circumstances with the charged crime or forms an integral and natural part of an account of the crime to complete the story of the crime for the jury. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998) (citation and quotation omitted).

The district court did not abuse its discretion in admitting evidence of kidnaping and sexual exploitation because this evidence (1) arose from the same transaction as the charged offense, (2) established the context under which the

girls saw the firearms and Johnson's motive for possessing them, and (3) explained to the jury why law enforcement officers were investigating Johnson. We conclude that this evidence inextricably was intertwined with the charged offense.

The probative value of this evidence was high because it provided the jury with context and circumstances of the crime and Johnson's motive for possessing the firearms. We stress that the district court instructed the jury that Johnson was on trial only for the crime charged in the indictment. We conclude that the probative value of this evidence is not substantially outweighed by unfair prejudice; and the evidence, therefore, is not subject to exclusion under Fed.R.Evid. 403. United States v. Fortenberry, 971 F.2d 717, 721 (11th Cir. 1992).[2]

Johnson also contends that his sentence violates United States v. Booker, 125 S.Ct. 768 (2005), because his base offense level and enhancements were based on uncharged conduct not proven to a jury beyond a reasonable doubt. The district court determined Johnson's base offense level pursuant to a cross-reference provision in the felon-in-possession Guideline, U.S.S.G. §

---

[2]Johnson posits that the government could have proven its case without the uncharged conduct. But the government was not required to proffer only enough evidence to allow the jury to convict. Id. at 722.

2K2.1(c)(1)(A), because he possessed the firearms in connection with another offense; then the court applied the kidnaping Guideline, U.S.S.G. § 2A4.1.[3] Johnson's Guidelines range of 360 months to life imprisonment exceeded the statutory maximum of 120 months, 18 U.S.C. § 924(a)(2); so the statutory maximum became the advisory Guidelines range.

Because Johnson raised his <u>Booker</u> claim below, we review it <u>de novo</u> on appeal, but reverse only for harmful error.  <u>United States v. Paz</u>, 405 F.3d 946, 948 (11th Cir. 2005) (citation omitted).  Here, the district court committed no <u>Booker</u> error because it sentenced Johnson under advisory guidelines.  <u>See</u> <u>United States v. Shelton</u>, 400 F.3d 1325, 1330-31 (11th Cir. 2005) (explaining that <u>Booker</u> error occurs when the Guidelines are applied as mandatory).  And even if the district court felt bound to apply a 120-month sentence[4] under the Guidelines, Johnson cannot show harmful error.  The court clearly stated that, even if the kidnaping cross-reference had not applied and the Guidelines range was less than the statutory maximum, it still would have imposed the same 120-month sentence.

_____

[3]Johnson's offense level also was enhanced by a total of eight points for firearm use and sexual exploitation.  <u>See</u> U.S.S.G. § 2A4.1(b)(3), (5).

[4]The court noted the advisory nature of the Guidelines several times during the sentencing hearing.  But before imposing sentence the court commented that "the bottom of the guideline range is higher than the statutory maximum.  So I have to impose 120 months.  I have no discretion."  Based on the record as a whole, however, it is clear that the district court treated the Guidelines as advisory.

See United States v. Cain, 433 F.3d 1345, 1348 (11th Cir. 2005) (explaining that to establish harmless error, "the [g]overnment must . . . point to a statement by the district court indicating it would have imposed the same or a higher sentence if it had possessed the discretion to do so.").[5]

AFFIRMED.

---

[5]To the extent Johnson argues that his Guidelines calculation was incorrect because it was based on uncharged conduct, his argument is meritless. See United States v. Hamaker, 455 F.3d 1316, 1336 (11th Cir. 2006) (explaining that, even after Booker, district courts are required to consider all relevant, not just charged, conduct in calculating the Guidelines range).