Opinion for the court filed PER CURIAM.
Concurring opinion filed by Circuit Judge HENDERSON.
Concurring opinion filed by Circuit Judge KAVANAUGH.
PER CURIAM.
Having been resenteneed on remand from this court, Walter Henry and Charles Harrison again appeal their convictions and sentences stemming from their participation in a conspiracy to import and distribute heroin in the Washington, D.C. and Baltimore, Maryland metropolitan areas. They appeal their convictions on the ground that the trial court committed three evidentiary errors: (1) it admitted expert testimony based in part on testimonial hearsay in violation of Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) (Claim One), (2) it admitted expert testimony based on unreli *912 able methodology (Claim Two) and (3) it admitted the guilty plea of a non-testifying co-conspirator (Claim Three). Henry and Harrison also argue that they received ineffective assistance of counsel when their appellate counsel failed to raise Claims Two and Three on direct appeal.[1] Finally, Henry and Harrison challenge their sentences on the ground that the district court applied the United States Sentencing Guidelines (Guidelines) in a mandatory fashion in violation of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). For the reasons set forth below, we conclude that Henry and Harrison waived their evidentiary claims by failing to raise them at trial or on direct appeal. Furthermore, Henry’s and Harrison’s ineffective assistance of counsel claim must be raised on collateral review, see 28 U.S.C. § 2255, if at all. Consistent with our holding in United States v. Ayers, 428 F.3d 312 (D.C.Cir.2005), however, we will vacate the sentences and remand for re-sentencing because we cannot say that the district court’s Booker error was harmless beyond a reasonable doubt.
I.
We set forth in detail the facts surrounding the heroin conspiracy in United States v. Stover, 329 F.3d 859 (D.C.Cir.2003), cert. denied, 541 U.S. 1018, 124 S.Ct. 2088, 158 L.Ed.2d 635 (2004). Accordingly, we mention only those matters required for an understanding of the decision. On May 4, 1999, the Government charged Henry, Harrison and other individuals with conspiracy to possess with intent to distribute one kilogram or more of heroin. Nuri Lama, the conspiracy’s ringleader, pleaded guilty and thereafter testified as a witness against his co-conspirators at their October 20, 1999 trial. Although the jury convicted Henry of possession with intent to distribute, it failed to reach a verdict on the drug conspiracy count against Henry and Harrison.[2]
On September 11, 2000, Henry and Harrison were retried on the drug conspiracy count. Because Lama had died between the two trials, the prosecution introduced evidence at the second trial that Lama had pleaded guilty to the conspiracy charge. The prosecution also introduced the expert testimony of Metropolitan Police Department Detective Tyrone Thomas who testified about the meanings of various code words used by the co-conspirators during telephone conversations intercepted by the FBI.
After a five-week trial, the jury convicted both Henry and Harrison of conspiracy to possess with intent to distribute one kilogram or more of heroin. In determining Henry’s and Harrison’s sentences under the then-mandatory Guidelines, the district court utilized a formula derived from Detective Thomas’s expert testimony to calculate the amount of heroin for which Henry and Harrison were responsible. Based on its calculations, the court found each responsible for 39.4 kilograms of heroin, resulting in a base offense level of 38. The court then added four levels for the leadership roles of both Henry and Harrison in the conspiracy and two levels for possession of a firearm for a total offense level of 44. Combined with Henry’s and Harrison’s Criminal History Category of I, the Guidelines mandated a sentence of life *913 imprisonment for both and the court sentenced them accordingly.
The co-conspirators, including Henry and Harrison, appealed their convictions and sentences. In Stover, we affirmed Henry’s and Harrison’s convictions but concluded that the district court had erroneously calculated the amount of heroin for which each should be held responsible. Accordingly, we vacated their sentences and remanded to the district court to recalculate the drug quantity. Stover, 329 F.3d at 876.
At their resentencing hearings,[3] both Henry and Harrison argued that the Sixth Amendment prohibits judicial calculation of drug amounts at sentencing.[4] The district court rejected their argument and, based on its revised calculation of the drug amounts, held both Henry and Harrison responsible for 27.3 kilograms of heroin. Again treating the Guidelines as mandatory, the court set both base offense levels at 36. It then added four levels for their managerial roles in the offense and two levels for possession of a firearm for a total offense level of 42. Combined with their Criminal History Category of I, Henry’s and Harrison’s Guidelines range was 360 months to life imprisonment and the district court again sentenced them to life imprisonment. Henry and Harrison filed timely notices of appeal.
II.
We address separately Henry’s and Harrison’s evidentiary challenges, their ineffective assistance of counsel claim and their Booker challenge.

A. Evidentiary Challenges

Although they failed to raise their evi-dentiary challenges at trial or on direct appeal, Henry and Harrison argue that we should nevertheless review them for plain error on this appeal after the resentencing remand. See Fed.R.Crim.P. 52(b). We disagree.
It is well-settled that “where an argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand.” Nw. Ind. Tel. Co. v. FCC, 872 F.2d 465, 470 (D.C.Cir.1989) (citing Laffey v. Nw. Airlines, Inc., 740 F.2d 1071, 1089-90 (D.C.Cir.1984)); see also United States v. Ben Zvi, 242 F.3d 89, 95-96 (2d Cir.2001) (applying waiver to second appeal following resentencing remand); cf. United States v. Adesida, 129 F.3d 846, 849-50 (6th Cir.1997) (applying waiver at resentencing remand stage). The “widely-accepted” bar promotes procedural efficiency and prevents the “ ‘bizarre result’ ” that “ ‘a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost.’ ” Nw. Ind. Tel., 872 F.2d at 470 (quoting Laffey, 740 F.2d at 1089-90). Although the “waiver principle is [not] an absolute preclusion to appellate review,” Crocker v. Piedmont Aviation, Inc., 49 F.3d 735, 739 (D.C.Cir.1995), we have stated that “discretion to waive a waiver is normally exercised only in ‘exceptional circumstances, where injustice might otherwise result,’ ” id. at 740 (quoting Eli Lilly & Co. v. Home Ins. Co., 794 F.2d 710, 717 (D.C.Cir.1986)).
*914 Henry and Harrison have not demonstrated “exceptional circumstances” that excuse their failure to raise the evidentiary challenges either at trial or on direct appeal. Regarding Claim One — the allegedly erroneous admission of Thomas’s expert testimony based in part on hearsay — Henry and Harrison argue that the Crawford, decision, which the Supreme Court issued after their direct appeal,[5] created a new legal rule that rendered the testimony inadmissible. While we have suggested that an intervening change in the law can constitute an “exceptional circumstanee[ ]” that justifies waiving waiver, see Crocker, 49 F.3d at 740, the Crawford decision did not effect such a change with respect to the admissibility of Thomas’s expert testimony. In Crawford, the Supreme Court altered the framework set forth earlier in Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), and held that the Confrontation Clause of the Sixth Amendment bars “testimonial” hearsay statements unless the declarant is unavailable to testify and the defendant had a prior opportunity to cross-examine him. Crawford, 541 U.S. at 68-69, 124 S.Ct. 1354. Crawford, however, did not involve expert witness testimony and thus did not alter an expert witness’s ability to rely on (without repeating to the jury) otherwise inadmissible evidence in formulating his opinion under Federal Rule of Evidence 703.[6] In other words, while the Supreme Court in Crawford altered Confrontation Clause precedent, it said nothing about the Clause’s relation to Federal Rule of Evidence 703. Because Crawford does not represent an intervening change in the law regarding the admissibility of Thomas’s expert testimony, no exceptional circumstance exists and Henry’s and Harrison’s Claim One is thus waived.
With respect to Claims Two and Three, Henry and Harrison appear to argue that we should address the merits in this appeal because their original appellate counsel acted ineffectively in failing to raise them on direct appeal. See Appellants’ Br. at 35-36, 40. In particular, Henry and Harrison argue that the trial court erroneously permitted Detective Thomas to testify about the meanings of terms used by the co-conspirators in intercepted telephone conversations and erroneously admitted evidence that Lama pleaded guilty although Lama himself was unavailable to testify. In order to reach the merits of Claims Two and Three because counsel allegedly acted ineffectively, however, we would first need to determine whether counsel acted ineffectively. And because an ineffective assistance of appellate counsel claim must ordinarily be made on collateral review, see Part II.B infra, we decline to consider Henry’s and Harrison’s original appellate counsel’s performance an exceptional circumstance that justifies waiving waiver. Accordingly, we do not reach the merits of Claims Two and Three.

B. Ineffective Assistance of Counsel Claim

 Henry and Harrison argue that their original appellate counsel acted ineffectively in failing to raise Claims Two and Three on direct appeal. When a defendant raises an ineffective assistance of trial counsel claim for the first time on direct appeal, our “ ‘general practice is to remand *915 the claim for an evidentiary hearing.”’ United States v. Moore, 394 F.3d 925, 931 (D.C.Cir.2005) (quoting United States v. Rashad, 331 F.3d 908, 909 (D.C.Cir.2003)). Other circuits require the defendant to pursue an ineffective assistance of trial counsel claim in collateral proceedings under 28 U.S.C. § 2255. See, e.g., United States v. Quintero-Barraza, 78 F.3d 1344, 1347 (9th Cir.1995); United States v. Matzkin, 14 F.3d 1014, 1017 (4th Cir.1994). Nevertheless, an ineffective assistance of trial counsel claim can be resolved on direct appeal if the trial record conclusively shows that counsel did or did not perform effectively. See, e.g., Moore, 394 F.3d at 931; Quintero-Barraza, 78 F.3d at 1347; Matzkin, 14 F.3d at 1017.
The question here is whether we should similarly treat a claim of ineffective assistance of appellate counsel raised in an appeal following a resentencing remand. On the one hand, such a claim is virtually unreviewable on direct appeal as appellate counsel will hardly assert his own ineffectiveness. Cf. United States v. Weaver, 281 F.3d 228, 234 (D.C.Cir.2002) (explaining that defendant can, with new counsel, raise ineffective assistance of trial counsel claim for first time on direct appeal because “trial counsel cannot be expected to argue his own ineffectiveness in a motion for a new trial”). Therefore, if the trial record sufficed, we could decide a claim of ineffective assistance of appellate counsel on appeal following a resentencing remand. Cf. Nw. Ind. Tel., 872 F.2d at 470 (explaining that waiver applies “where an argument could have been raised on an initial appeal” (emphasis added)); see also Ben Zvi, 242 F.3d at 96 (deciding ineffective assistance of appellate counsel claim on appeal after resentencing remand because “the underlying challenge” was “sufficiently presented” and “judicial efficiency would be served”). Unlike a claim of ineffective trial counsel that can be made on direct appeal, however, a claim of ineffective appellate counsel can be made only if a “second” appeal occurs — for example, as a result of a resentencing remand. In effect, a fortuity of the judicial process — whether we decide to remand for resentencing— would thus determine whether the defendant has an alternative to collateral review in pursuing an ineffective assistance of appellate counsel claim. Cf. Griffith v. Kentucky, 479 U.S. 314, 327-28, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) (applying new Supreme Court rule retroactively in criminal case because it is “solely the fortuities of the judicial process” that determine case Court chooses to hear first on plenary review). We believe a uniform procedure should apply to all defendants with an ineffective assistance of appellate counsel claim and therefore we will not consider such a claim on appeal following remand for resentencing. Instead, a defendant with such a claim must pursue it on collateral review pursuant to 28 U.S.C. § 2255.

C. Booker Claim

Finally, it is undisputed that the district court sentenced Henry and Harrison by applying the Guidelines in a mandatory fashion to increase his sentence beyond that which could have been imposed based solely on the facts found by the jury which is constitutional error under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). See United States v. Simpson, 430 F.3d 1177, 1182-83 (D.C.Cir.2005). Nevertheless, the Government argues that the error was harmless beyond a reasonable doubt and thus a resentencing remand is unnecessary. We disagree.
At their respective resentencing hearings, both Henry and Harrison raised a Sixth Amendment objection to their sentences. Accordingly, we review the sentences for harmless error under Federal Rule of Criminal Procedure 52(a) (“Any error, defect, irregularity, or variance that *916 does not affect substantial rights must be disregarded.”)- That is, the Government must establish “beyond a reasonable doubt that the error complained of did not contribute to the sentence obtained.” United States v. Coumaris, 399 F.3d 343, 351 (D.C.Cir.2005) (quotation omitted).
The Government maintains that the district court’s sentencing error was harmless beyond a reasonable doubt because it imposed the maximum sentence in the Guidelines range notwithstanding its discretion to impose a lower sentence. That is, the district court decided to sentence Henry and Harrison to life imprisonment under a then-mandatory Guidelines range of 360 months to life imprisonment. Relying on Tenth Circuit precedent, Appellee’s Br. at 47-48, the Government contends that if a judge imposed the maximum sentence within the then-mandatory Guidelines range, there is no reason to believe he would change the sentence on remand. See United States v. Riccardi, 405 F.3d 852, 876 (10th Cir.2005) (sentence imposed at top of Guidelines range pr e-Booker constitutes harmless error because “[hjaving exercised his limited discretion under the pr e-Booker system to give [the defendant] the highest permissible sentence, there is no reason to think the judge would exercise his now-greater discretion to reduce the sentence”); United States v. Waldroop, 431 F.3d 736, 743 (10th Cir.2005) (citing Riccardi for same proposition).
We do not believe that the pr e-Booker imposition of a sentence at the top of a Guidelines range by itself constitutes harmless error. In United States v. Coles, we held that a Booker error constitutes plain error if “there would have been a materially different result, more favorable to the defendant, had the sentence been imposed in accordance with the post-Booker sentencing regime.” 403 F.3d 764, 767 (D.C.Cir.2005). In so holding, we recognized that “[t]here undoubtedly will be some cases in which a reviewing court will be confident that a defendant has suffered no prejudice,” id. at 769, and therefore remand would be unnecessary. For example, if a district judge imposed a sentence at the statutory maximum “ ‘and [said] that if he could he would have imposed an even longer sentence, there would be no basis for thinking that if he had known that the sentencing guidelines [were] merely advisory he would have given the defendant a lighter sentence.’ ” Id. (quoting United States v. Paladino, 401 F.3d 471, 483 (7th Cir.2005)).
We also suggested in Coles, however, that the imposition of a sentence at the top of a Guidelines range without “the judge’s characterization of the sentence,” United States v. Tchibassa, 452 F.3d 918, 930 (D.C.Cir.2006), is “hardly conclusive,” Coles, 403 F.3d at 769. We noted:
“A conscientious judge — one who took the guidelines seriously whatever his private views — would pick a sentence relative to the guideline range. If he thought the defendant a more serious offender than an offender at the bottom of the range, he would give him a higher sentence even if he thought the entire range too high.”
Id. at 770 (quoting Paladino, 401 F.3d at 482). In other words, a trial judge treating the Guidelines as mandatory might have imposed the maximum sentence in a particular range not necessarily because he believed the defendant deserved that sentence but because he considered the defendant to be the most serious type of offender in the range. And if this analysis applies in the plain error context, where the burden of proving prejudice is on the defendant, it applies a fortion in the context of constitutional harmless error, where the burden is on the Government to establish no prejudice beyond a reasonable doubt. Thus, we agree with our sister *917 circuits that have held that a sentence at the top of a Guidelines range is not, in itself, enough to establish that a Booker error was harmless beyond a reasonable doubt. See United States v. Woods, 440 F.3d 255, 259 (5th Cir.2006); United States v. Cain, 433 F.3d 1345, 1348 (11th Cir.2005).
Here, unlike in Coles, the defendants raised Sixth Amendment objections in the district court. Because we cannot conclude that the district court would have sentenced Henry and Harrison to life imprisonment irrespective of the mandatory nature of the Guidelines, the Government has not established that the error was harmless. We therefore vacate the sentences and remand for resentencing. See United States v. Baugham, 449 F.3d 167, 182-83 (D.C.Cir.2006); United States v. Brown, 449 F.3d 154, 159-60 (D.C.Cir.2006); Ayers, 428 F.3d at 315-16.
For the foregoing reasons, we affirm Henry’s and Harrison’s convictions but we vacate the sentences and remand the case to the district court for resentencing under Booker and 18 U.S.C. § 3553(a).

So ordered.

. It remains unclear, even after oral argument, whether Henry and Harrison ask us to review Claims Two and Three on the merits or to decide whether failure to raise them on direct appeal constituted ineffective assistance of counsel. See Appellants’ Br. at 35-36, 40. As a result, we will address both.

. The jury also failed to reach a verdict on the money laundering conspiracy count against Harrison. Stover, 329 F.3d at 864. The district court eventually dismissed that count. Id.

. Henry’s resentencing hearing occurred on June 10, 2004, and Harrison’s on July 21, 2004.

. Henry cited Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Harrison cited Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), which the Supreme Court decided after Hemy’s hearing.

. We issued Stover on May 23, 2003. The Supreme Court decided Crawford on March 8, 2004.

. Federal Rule of Evidence 703 provides in part: "If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted.” (Emphasis added.)