**UNITED STATES of America, Appellee**

**v.**

**Jaron BRICE, also known as Jay Bird, also known as Daddy, also known as Bird, also known as Jay, Appellant.**

No. 06–3135.

United States Court of Appeals, District of Columbia Circuit.

Oct. 2, 2008.

Roy Wallace McLeese, III, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

Robert Charles Bonsib, Marcus & Bonsib, Greenbelt, MD, for Appellant.

Jaron Brice, Cumberland, MD, pro se.

Before: RANDOLPH, ROGERS and TATEL, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. It is

**ORDERED AND ADJUDGED** that the convictions of Appellant Jaron Brice be affirmed, and the record remanded for resentencing.

Brice's Rule 404(b) argument is without merit. The evidence that Brice boasted of a prior murder went to the heart of the allegation that he used fear to induce his victims to prostitution. Such "intrinsic" evidence—"offered as direct evidence of a fact in issue, not as circumstantial evidence requiring an inference regarding the character of the accused"—necessarily complies with Rule 404(b). *United States v. Alexander,* 331 F.3d 116, 125–26 & n. 13 (D.C.Cir.2003). To the extent that certain evidence of drug dealing was inadvertently presented and did not go directly to the charges presented, the district court addressed the issue with curative instructions. *See Greer v. Miller,* 483 U.S. 756, 766 n. 8, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987) ("We normally presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented

to it. . . .")". Brice's argument that the expert testimony of Dr. Lee was inappropriate is squarely foreclosed by *United States v. Anderson,* 851 F.2d 384 (D.C.Cir.1988), where we affirmed very similar testimony by Dr. Lee herself. And the district court's decision to review the minor victim's medical records and withhold unnecessary information from the defense was well within its discretion and our precedents. *See, e.g., United States v. George,* 532 F.3d 933, 936–38 (D.C.Cir.2008).

As to sentencing, our cases foreclose Brice's challenge to the use of acquitted conduct, which is within the sentencing court's discretion. *See United States v. Brown,* 516 F.3d 1047, 1050–51 (D.C.Cir. 2008). The government concedes, however, that the district court did not clearly articulate the basis for its two-point enhancement for serious bodily injury under section 2A3.1(b)(4)(B) of the U.S. Sentencing Guidelines Manual. The commentary for that section provides that the bodily injury must come from "conduct other than criminal sexual abuse, which already is taken into account in the base offense level," U.S.S.G. § 2A3.1, cmt. n. 1 (2005), and the district court did not specifically point to any such injury. Accordingly, we remand for further fact-finding on that narrow point, and for resentencing.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.