*1289 Opinion for the Court filed by Circuit Judge KAVANAUGH.
Opinion concurring in the judgment filed by Senior Circuit Judge WILLIAMS.
KAVANAUGH, Circuit Judge:
Brice was convicted for crimes arising out of a major sex trafficking operation in which he prostituted and sexually abused multiple teenaged girls and adult women. Brice was convicted in federal district court in 2006 and sentenced to a within-Guidelines sentence of 30 years in prison. In his initial appeal, we affirmed his conviction, but remanded for further fact-finding on one narrow sentencing issue. See United, States v. Brice, 296 Fed.Appx. 90, 91 (D.C.Cir.2008). On remand, the Government argued that Brice’s original 30-year sentence was still appropriate. But the District Court disagreed with the Government and instead sentenced Brice to a below-Guidelines sentence of 25 years.
Although he received a below-Guidelines sentence in his re-sentencing, Brice has again appealed his sentence. Among other things, Brice raises a new argument about the District Court’s alleged lack of impartiality — based on events not at the re-sentencing or even at the original sentencing, but rather back at the 2006 trial, particularly in a transcribed ex parte sidebar with the prosecution on February 21, 2006. In the sidebar, the District Court and prosecutor discussed how one of the detained material witnesses (that is, one of the women alleged to have been sexually abused by Brice) should enter the courtroom for her testimony. The judge concluded that the witness should enter in the same way as other innocent witnesses, from the back of the courtroom with the jury present. The judge and prosecutor also discussed the possibility that one of the detained material witnesses might assert the Fifth Amendment when called to testify.
The problem for Brice at this point is that he did not raise the impartiality argument in his initial appeal even though he could have done so. Under our precedents, we therefore may not reach the merits of this impartiality claim at this time. Two separate lines of this Court’s precedents require that result. First, this Court has definitively stated that motions to recuse based on a judge’s alleged bias or lack of impartiality must be raised “within a reasonable time after the grounds” for recusal “are known.” United States v. Barrett, 111 F.3d 947, 951 (D.C.Cir.1997). We have further said that if the motion is not filed in a reasonable time, the objection is deemed waived and may not be considered on appeal. Id. The underlying rationale for that rule of procedure is straightforward: “[A] defendant cannot take his chances with a judge and then, if he thinks that the sentence is too severe, secure a disqualification and a hearing before another judge.” Id. (internal quotation marks omitted). Second, our cases have set forth a general rule of appellate procedure that, at least absent exceptional circumstances, “where an argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand.” United States v. Henry, 472 F.3d 910, 913 (D.C.Cir.2007) (internal quotation marks omitted); see also Hartman v. Duffey, 88 F.3d 1232, 1236 (D.C.Cir. 1996) (“We do not reach the merits of defendant’s arguments on this issue because of the defendant’s failure to pursue it in its prior appeal.”).
In this case, each of those lines of precedent applies and independently precludes us from reaching the merits of Brice’s impartiality claim. In the initial appeal, Brice plainly could have raised his impar *1290 tiality argument based on the February 21, 2006, ex parte sidebar. The relevant February 21, 2006, trial transcript necessary to raise this impartiality issue was available to Brice’s appellate counsel during the first appeal. Brice says that during the initial appeal, his appellate counsel did not have access to transcripts of the district court’s sealed pre-trial hearings on February 15 and 17, 2006, which occurred with defense counsel present and concerned several issues relating to the material witnesses who had been detained and were potential trial witnesses. That is a red herring. Those transcripts are not the relevant transcripts for Brice’s impartiality argument based on the February 21, 2006, ex parte sidebar. The relevant transcript is the February 21, 2006, trial transcript. And during the initial appeal, Brice had access to the February 21, 2006, trial transcript. (In this appeal, Brice notably has not claimed otherwise.) Indeed, in the initial appeal, Brice included portions of the February 21 trial transcript in the joint appendix, leaving no doubt that he had access to the transcript necessary to advance this impartiality argument. See Joint Appendix at 163-81, United States v. Brice, 296 Fed.Appx. 90 (D.C.Cir.2008) (No. 06-3135).[1]
In short, in his initial appeal, Brice could have raised the impartiality issue relating to the February 21, 2006, ex parte sidebar. But he did not do so. Whether Brice did not raise it in the initial appeal because of his attorney’s negligence or because of his attorney’s deliberate strategy, our precedents require us to conclude that Brice cannot raise it now in his second appeal. See Henry, 472 F.3d at 913; Barrett, 111 F.3d at 951.
To be clear, that does not mean that Brice is out of luck. Brice can file a collateral Section 2255 motion in federal district court. In such a motion, Brice can allege that his attorney in the initial appeal provided ineffective assistance by failing to raise an impartiality argument based on the February 21, 2006, ex parte sidebar. (Brice’s counsel in the initial appeal was different from Brice’s counsel in the current appeal.) But what Brice cannot do under our case law is to raise this impartiality issue for the first time in his second appeal.
We have carefully considered all of Brice’s arguments in this appeal. We affirm the judgment of the District Court.

So ordered.

. In the current appeal, Brice notes in passing a comment about Brice and one of the witnesses that the District Court made at the February 15, 2006, pre-trial hearing. Brice's counsel was present at that hearing. At the conclusion of the relevant pre-trial hearings, after initially objecting to the judge's comment and seeking recusal, Brice then expressly withdrew and thereby waived any recusal claim based on that comment. Moreover, Brice could have raised an impartiality argument about that comment in his initial appeal, but he did not do so.