# United States Court of Appeals
#### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued December 11, 2014   Decided July 17, 2015

No. 12-3067

UNITED STATES OF AMERICA,
APPELLEE

v.

TIJANI AHMED SAANI,
APPELLANT

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:08-cr-00147-1)

———

*Beverly G. Dyer*, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was *A.J. Kramer*, Federal Public Defender. *Tony Axam Jr.*, Assistant Federal Public Defender, entered an appearance.

*William A. Glaser*, Attorney, U.S. Department of Justice, argued the cause for appellee. On the brief was *Kevin R. Gingras*, Attorney. *Sangita K. Rao*, Attorney, and *Elizabeth Trosman*, Assistant U.S. Attorney, entered appearances.

Before: ROGERS, *Circuit Judge*, and SENTELLE and RANDOLPH, *Senior Circuit Judges*.

Opinion for the Court filed by *Senior Circuit Judge* SENTELLE.

SENTELLE, *Senior Circuit Judge*: Appellant Tijani Saani was charged with under-reporting income on his tax returns. He pled guilty to five counts of filing a false tax return and was given an above-guidelines sentence of 110 months in prison. Saani appealed, arguing that the district court's sentence was impermissibly influenced by his refusal to reveal the source of his unreported income. In *United States v. Saani*, 650 F.3d 761 (D.C. Cir. 2011), we vacated Saani's sentence and remanded to the sentencing court so the court could explain whether Saani's sentence was infected by an arguably improper consideration, i.e., his failure to reveal the source of his unreported income. Upon remand the district court again sentenced Saani to 110 months imprisonment, stating that its initial sentencing of Saani had nothing to do with his refusal to discuss the source of his unreported funds. Saani again appeals his sentence. This time we affirm.

**Background**

The facts of this case are thoroughly set forth in our previous opinion in this matter, *United States v. Saani*, 650 F.3d at 763-65 ("*Saani I*"). We will reiterate only those facts necessary for clarity of our disposition. Appellant Tijani Ahmed Saani was a contract specialist for the U.S. Air Force in Kuwait, overseeing million-dollar procurement actions. A government investigation revealed that from 2003 through 2006 Saani spent approximately $2.4 million more than he received from known sources of income. Subsequently, the government indicted Saani on five counts of filing a false tax return, one count for each return filed in the five tax years 2003 through 2007. The indictment did not contain any allegation pertaining to the source of the unreported monies in Saani's various accounts.

One day before his pretrial conference, Saani pled guilty to all five counts without having entered into a plea agreement. At his sentencing hearing, Saani requested that he be given a two-level reduction in his base offense level for acceptance of responsibility pursuant to United States Sentencing Guideline ("U.S.S.G.") § 3E1.1(a). He claimed that he should receive credit for acceptance of responsibility because his guilty plea was sufficient to satisfy all the elements of the crime charged. The government argued that Saani should not be given credit for acceptance of responsibility because he failed to cooperate with the Probation Officer by refusing to discuss any details about his general financial condition or the instrumentalities of his crimes. The district court agreed with the government, denying Saani credit for acceptance of responsibility in view of Saani's "unwillingness to be forthcoming with Probation over and above his unwillingness to be more forthcoming about his conduct." *Saani I*, 650 F.3d at 764. The sentencing guidelines recommended a sentence in the range of 78 to 97 months. The district court varied upward from the guidelines and sentenced Saani to 110 months in prison. *Id.* at 765. The court also sentenced Saani to pay the maximum statutory fine. *Id.*

Saani appealed his sentence, arguing that the district court erred in not giving him credit for acceptance of responsibility and in varying upward from the guidelines range. We vacated Saani's sentence and remanded for re-sentencing, stating that we were unable to determine whether "in denying Saani credit for acceptance of responsibility and varying upward from the Guidelines range, the court relied solely upon constitutionally permissible factors." *Id.* at 763. We noted that the record was "unclear as to whether an arguably improper consideration infected the district court's decisions," i.e., Saani's refusal to speak about the source of his unreported funds. *Id.* at 772. Upon remand, the district court sentenced Saani to the same sentence, explaining that Saani's failure to reveal the source of

his income had not been a factor in the initial sentencing.

Saani again appeals his sentence.

## Discussion

### A. Acceptance of responsibility

In *Saani I*, we considered Saani's argument that at his initial sentencing the district court erred as a matter of law in not giving him credit for acceptance of responsibility. Saani asserted that in refusing him credit the district court relied upon his unwillingness to discuss with the government matters about which he had a Fifth Amendment privilege not to speak, i.e., the source of his unreported funds. We did not resolve the constitutional issue at that time because we could not "determine from the present record whether the district court did indeed take into account Saani's refusal to disclose specifically the source of his funds when it denied him credit under § 3E1.1." *Saani I*, 650 F.3d at 770. Instead we vacated Saani's sentence and remanded to the district court to "clarify the basis or bases for, and if necessary reconsider, its conclusion Saani did not accept responsibility for his crimes." *Id.* In particular we were concerned that the district court "may have erred as a matter of law . . . by penalizing Saani for invoking his right to remain silent about certain matters beyond the offense of conviction." *Id.* at 767. At the remand hearing, however, the district court denied that Saani's right to remain silent was a factor in the court's sentencing decision. The district court stated that

> with regard to the issue of acceptance of responsibility, the Court's decision there was not a function of [Saani]'s failure to reveal the source of his income . . . The Court did not accept his acceptance of responsibility request because he had failed to admit

that he had underreported his income and he had not been candid with regard to the circumstances surrounding his conviction. He refused to cooperate with Probation.

Transcript of Resentencing at 3-4, Aug. 1, 2012.

The district court imposed the same sentence as the initial sentence. Saani now argues again that the district court erred in denying him credit towards his sentence for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). First, Saani contends that the district court failed to consider his argument that he should not be penalized because he fully admitted to his offense prior to sentencing. Consequently, according to Saani, this Court should remand for consideration by the district court whether his admission to the offense and the government's allegations against him prior to sentencing required a reduction in his sentencing guidelines range for acceptance of responsibility under § 3E1.1. Second, Saani asserts that the district court denied him credit for acceptance of responsibility based on his constitutional right to silence with respect to sums of money, or other unreported foreign accounts containing income, that could have subjected him to greater punishment.

In response the government contends that Saani's acceptance-of-responsibility argument was already decided by this Court in *Saani I*. We agree. In discussing Saani's acceptance-of-responsibility argument in *Saani I*, we noted that at the initial sentencing the district court "point[ed] to reasons for believing Saani had not in fact accepted responsibility—his failure at the plea hearing to admit he had underreported income and his refusal later to cooperate fully with Probation." 650 F.3d at 767. We concluded that those were "adequate reasons for denying [Saani] credit" for acceptance of responsibility. *Id.* Having already addressed and rejected Saani's acceptance-of-

responsibility argument, and Saani now offering no reason why we should reverse our earlier holding, we need not revisit this argument.

In short, insofar as Saani is asserting that the district court failed to rely on relevant factors in making its determination respecting the acceptance of responsibility issue, we have decided that question, and law of the case governs. Insofar as he relies on the alleged improper reliance on his silence regarding the amount or location of other unreported income in violation of his Fifth Amendment rights, he did not raise that argument in his first appeal and therefore forfeited it. *United States v. Brice*, 748 F.3d 1288, 1289 (D.C. Cir. 2014). Insofar as Saani attempts to inject any other argument respecting the district court's handling of acceptance of responsibility, any such new argument is forfeited, and in the absence of plain error, which Saani has not shown, we will not revisit the result in *Saani I. Cf. Yesudian ex rel. United States v. Howard Univ.*, 270 F.3d 969, 972 (D.C. Cir. 2001).

## B. Upward variance

At Saani's initial sentencing, his Sentencing Guidelines range was determined to be 78 to 97 months. *Saani I*, 650 F.3d at 765. The district court, however, varied upward from that determination, sentencing Saani to 110 months. Saani previously argued to us that the district court varied upward because of Saani's refusal to disclose the source of his unreported income, and that this was a violation of his right against self-incrimination. Although we agreed with Saani that portions of the record could be read to suggest that the district court varied upward in part because Saani refused to disclose the source of his funds, we nevertheless remanded the case to the district court for further clarification on its reason for varying upward. We noted that it was "not evident a constitutional

violation occurred . . . because the record makes clear that, in addition to concern about the source of Saani's income, the decision to vary upward was based upon the need to deter tax evasion by persons entrusted with the expenditure of federal funds." *Id.* at 771. We further noted that if the district court's decision "to vary upward rested solely upon the latter ground [i.e., deterrence], then it would be not only constitutional but also a reasonable exercise of the district court's considerable discretion." *Id.* At the sentencing hearing on remand the district court again denied that Saani's refusal to reveal the source of his funds was a factor in the sentencing decision. The district court stated:

> With regard to an upward departure, the basis for that decision also had nothing to do, nothing to do with [Saani]'s refusal to discuss or reveal the source of his income, nothing to do with that. It was to put it bluntly an overarching concern on the Court's part of the importance of deterring other Government officials, other Government employees working in foreign countries during a war and having access to large sums of money and having the ability to manipulate that money and manipulate contracts relating to it, was to deter them from engaging in any conduct of this kind in the future.

Transcript of Resentencing at 4, Aug. 1, 2012.

Saani now argues that the district court erred on remand when it varied his sentence upward for the purpose of deterring government officials from manipulating government funds or contracts. He contends that although we concluded in *Saani I* that a higher sentence to deter tax evasion by government employees with public funds would have been reasonable, that conclusion did not endorse a higher sentence to deter

manipulation of government funds or contracts. It does not follow, according to Saani, that a higher sentence for tax fraud would further the purpose of deterring similarly situated individuals from committing crimes other than tax fraud. In response, the government argues that the district court did not err in varying upward from the sentencing guidelines range. In support of this argument, the government explains that in *Saani I* this Court remanded so that the district court could clarify whether its decision to vary upward was based on the need to "deter tax evasion by persons entrusted with the expenditure of federal funds," which this Court said "would be not only constitutional but also a reasonable exercise of the district court's considerable discretion." *Saani I*, 650 F.3d at 771. The government states that in answering this question, the district court explained that it was indeed deterrence, and not Saani's refusal to disclose the source of his funds, that underlay the upward variance.

Saani did not object to the district court's reliance on deterrence during his re-sentencing, nor did he ask for clarification; we therefore review for plain error. *United States v. Ginyard*, 215 F.3d 83, 86–87 (D.C. Cir. 2000) (per curiam); *cf. In re Sealed Case No. 98-3116*, 199 F.3d 488, 491 (D.C. Cir. 1999); *United States v. Pinnick*, 47 F.3d 434, 439 (D.C. Cir. 1995). We conclude that the district court did not plainly err in its reasoning for an upward variance. Justifying its decision to depart upwards, the district court stated that it did not rely on the undisclosed source of the charged income but instead relied on deterrence. We concluded in *Saani I* that deterrence of tax evasion was a permissible reason. While the district court's statement on remand may have evidenced a certain ambiguity with regard to the behavior it intended to deter, it certainly did not constitute plain error.

### Conclusion

The judgment of the district court is affirmed.

*It is so ordered.*