# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 21-3096**

**September Term, 2021**

**1:21-cr-00175-TJK-1**

**Filed On:** March 4, 2022

United States of America,

      Appellee

    v.

Ethan Nordean, also known as Rufio
Panman,

      Appellant


**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Tatel, Pillard, and Wilkins, Circuit Judges

**J U D G M E N T**

This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of law and fact filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36.  It is

**ORDERED AND ADJUDGED** that the district court's order entered on December 14, 2021, denying appellant's motion to reopen the detention hearing and for release, be affirmed.  Although appellant asserts that the district court judge lacked subject matter jurisdiction to revoke an order setting conditions of release entered by another judge of this district, the identity of the judicial officer under 18 U.S.C. § 3142(f) is not jurisdictional.  See 18 U.S.C. § 3231; Arbaugh v. Y&H Corp., 546 U.S. 500, 515-16 (2006).  This argument is therefore subject to forfeiture, which appellant has done by failing to raise it in earlier proceedings.  See United States v. Brice, 748 F.3d 1288, 1289 (D.C. Cir. 2014).  Appellant also contends that his case does not involve a detainable offense, but he could have presented this argument in his first detention appeal and he has therefore forfeited it here.  See id.

Appellant has not shown that the district court clearly erred in determining that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community.  See 18 U.S.C. § 3142(e), (f)(2); United States v.

Hale-Cusanelli, 3 F.4th 449, 454 (D.C. Cir. 2021). This court previously affirmed the district court's detention decision based on its finding that appellant and his co-defendant provided leadership and planning for the Proud Boys in connection with the events at the Capitol on January 6, 2021, coordinating a large group of people and facilitating unlawful conduct. United States v. Biggs, No. 21-3021, et al., unpublished judgment (D.C. Cir. June 25, 2021). Appellant contends that the district court could not incorporate this prior finding of dangerousness because political conditions have changed in the interim, but his detention was not predicated solely on the political moment. Appellant also contends that the district court could consider evidence related only to the detainable offense in making its dangerousness determination, but the district court correctly considered the statutory factors in making its decision, see 18 U.S.C. § 3142(g). To the extent appellant contends new information shows his detention is not in accord with this court's precedent, appellant has not shown that the district court clearly erred in finding that he helped to coordinate a large group of people and to facilitate unlawful conduct, or that conditions of release would not reasonably assure the safety of the community.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/

Daniel J. Reidy
Deputy Clerk