# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**
_____

**No. 21-5161**                                        **September Term, 2022**

**1:20-cv-00329-JDB**

**Filed On:** September 20, 2022

Robert A. McNeil,

        Appellant

    v.

United States Department of State, et al.,

        Appellees


### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Pillard, Rao, and Walker, Circuit Judges

### <u>J U D G M E N T</u>

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).  It is

**ORDERED AND ADJUDGED** that the district court's orders filed March 18, 2021, and May 6, 2021, be affirmed.

As the district court concluded, appellant's response to the motion to dismiss set forth a pared-down request for relief that included relief only under 26 U.S.C. § 7345(e). To the extent that appellant now asserts an entitlement to relief under 26 U.S.C. § 6213 because he allegedly did not receive notices of deficiency for the relevant tax years, appellant has forfeited this argument.  See D.C. v. Air Fla., Inc., 750 F.2d 1077, 1084 (D.C. Cir. 1984) ("It is well settled that issues and legal theories not asserted at the District Court level ordinarily will not be heard on appeal.").  In any event, appellant has not plausibly alleged that the Internal Revenue Service ("IRS") failed to mail him notices of deficiency for the relevant tax years.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (a complaint must allege "enough facts to state a claim to relief that is plausible on its face"); see also Chambers v. Burwell, 824 F.3d 141, 143 (D.C. Cir. 2016) ("[W]e may affirm the district court on any ground supported by the record."). Appellant relies on a brief filed by the Commissioner of Internal Revenue and an order of the United States Tax Court in another case, both of which are attached to the amended complaint in this case.  These documents, however, indicate only that no

deficiency notice for the relevant tax years was issued to appellant during the ninety-day period preceding his filing of the petition in that case.  They do not support a plausible inference that a deficiency notice for the relevant tax period never was sent to appellant.

Furthermore, the district court correctly concluded that the certification of seriously delinquent tax debt was not erroneous, regardless of whether the notices of certification were sent to appellant's correct address, and regardless of the fact that the notices refer to Forms 1040 and 1040A, which appellant alleges he did not file. Assuming the truth of appellant's allegations, they fail to support a plausible claim that he does not have an unpaid, legally enforceable Federal tax liability above the statutory threshold amount, or that the other elements of a seriously delinquent tax debt under 26 U.S.C. § 7345(b)(1) are not met.

Appellant also forfeited any argument regarding judicial bias or misconduct by failing to raise the issue in the district court.  See United States v. Brice, 748 F.3d 1288, 1289 (D.C. Cir. 2014).  Even if he had not forfeited the issue, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," Liteky v. United States, 510 U.S. 540, 555 (1994), and no bias or other impropriety is evident from the record here.

Finally, appellant does not make any argument regarding the denial of his Rule 59(e) motion.  He therefore has forfeited any challenge to that decision.  See U.S. ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**