# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 23-3177**

**September Term, 2023**

FILED ON: MAY 9, 2024

UNITED STATES OF AMERICA,

APPELLEE

v.

FREDERICK GOODING,

APPELLANT

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cr-00255-1)

---

Before: HENDERSON, MILLETT and GARCIA, *Circuit Judges*

## J U D G M E N T

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of the parties. The panel has afforded the issues full consideration and determined they do not warrant a published opinion. *See* FED. R. APP. P. 36; D.C. CIR. R. 36(d). For the following reasons, it is

**ORDERED AND ADJUDGED** that the district court's judgment be **AFFIRMED**.

Dr. Frederick Gooding, a physiatrist, practiced medicine in the District of Columbia. He primarily treated Medicare patients and administered a variety of injections to address pain. He used ultrasound imaging, rather than fluoroscopic or CT guidance as required by Medicare, to assist in performing spine and knee injections. A Medicare contractor flagged Gooding's records for aberrant billing patterns and audited his practice. The government eventually indicted Gooding on eleven counts of healthcare fraud under 18 U.S.C. § 1347. After a mistrial, a different jury found him guilty on all counts for submitting fraudulent bills to Medicare. The district court applied a downward variance at sentencing and imposed forfeiture and restitution orders.[1] Gooding appealed.

Gooding claims that the district judge exhibited bias during sentencing when she noted he

---

[1] The parties submitted several appendices. G.S.A. stands for the Government's Supplemental Appendix. A.A. stands for Appellant's Appendix.

testified untruthfully at the first trial. He raises his bias claim for the first time on appeal but our precedent requires a party to raise it "'within a reasonable time after the grounds' for recusal 'are known.'" *United States v. Brice*, 748 F.3d 1288, 1289 (D.C. Cir. 2014) (quoting *United States v. Barrett*, 111 F.3d 947, 951 (D.C. Cir. 1997)). Gooding could have moved for recusal at the sentencing hearing, forfeiture hearing or any other time before appeal. By failing to do so, he waived his right to seek recusal now. *See id.*; *Barrett*, 111 F.3d at 951. Even if properly raised, Gooding's bias claim would fail. The district judge formed an opinion of Gooding's truthfulness based on his testimony and other evidence at trial. Her opinion "do[es] not constitute a basis for a bias or partiality motion unless [it] display[s] a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). No such antagonism occurred here. Indeed, the district judge varied Gooding's sentence *downward*.

The government introduced into evidence, with redaction, a 2010 order from the Delaware Board of Medical Licensure and Discipline (Board) that disciplined Gooding for performing certain spinal injections without fluoroscopy imaging. Gooding challenges its admissibility under Federal Rules of Evidence 403 and 404(b). He also challenges the relevant jury charge. FED. R. EVID. 403, 404(b). The admission of the Board order constitutes, at worst, harmless error. The government introduced it to demonstrate Gooding's knowledge of fluoroscopy requirements for spinal injections but Gooding testified separately that he "knew . . . that Medicare required CT or fluoroscopy for spinal injections after 2015." G.S.A. 346. The jury charge presents no error for the same reason.

Gooding further challenges the district court's admission of Dr. Christopher Gharibo's expert testimony under Federal Rule of Evidence 702. The district court did not abuse its discretion in admitting this testimony. *See United States v. McGill*, 815 F.3d 846, 903 (D.C. Cir. 2016). Gharibo is a board-certified physician with a subspecialty in pain medicine who has treated thousands of patients with chronic back pain and has performed each of the injections at issue in this case; in addition, his scholarly research includes work regarding spinal injections. His testimony informed the jury about the nature and medical necessity of the injections at issue. *See* FED. R. EVID. 702. Gooding's argument that a finder of fact in another case previously rejected Gharibo's opinion, *see* Gooding Br. 59–60 (citing *Catalano v. Khan*, No. CV040351745S, 2006 WL 2626156 (Conn. Super. Ct. Aug. 28, 2006)), bears on the weight of Gharibo's testimony, not its admissibility, *cf. United States v. Morgan*, 45 F.4th 192, 202 (D.C. Cir. 2022) ("[T]he admissibility of expert testimony turns not on the accuracy of the conclusion the expert proffers— a question generally left to the factfinder—but on the soundness of the methodology she employs.") (quotation marks omitted).

Gooding also raises two unpreserved claims that challenge the admission of Medicare claims data and the "good faith" jury charge. To succeed on plain error review, he must demonstrate an (1) error; (2) that is plain or obvious; and (3) affects "substantial rights." *Greer v. United States*, 593 U.S. 503, 507–08 (2021). If he does so, we may grant relief if "the error had a serious effect on the 'the fairness, integrity or public reputation of judicial proceedings.'" *See id.* at 508 (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)). The Medicare claims data fall within Federal Rule of Evidence 803(6)'s business records exception to the hearsay rule. *See* FED.

R. Evid. 803(6); *United States v. Kuthuru*, 665 F. App'x 34, 39–40 (2d Cir. 2016) (admitting Medicare claims data as a business record). We find no plain error in the "good faith" jury charge. The district court used the Eleventh Circuit's pattern "good faith" instruction and no court has found it erroneous.

Gooding finally challenges the forfeiture order, criticizing the "double bill" and the precise amount. Blue Br. 71. As the district court explained, 18 U.S.C. § 982(a)(7) requires forfeiture of traceable proceeds resulting from federal healthcare offenses. *See United States v. Bikundi*, 926 F.3d 761, 792 (D.C. Cir. 2019). The Mandatory Victims Restitution Act, 18 U.S.C. § 3663A(c)(1)(A)(ii), separately requires restitution for the victim of a property offense. Restitution and forfeiture serve different purposes—restitution remediates a victim's loss and forfeiture disgorges the defendant's gain. *See United States v. Bodouva*, 853 F.3d 76, 78 (2d Cir. 2017). Their distinct purposes "undercut any argument that . . . the imposition of forfeiture and restitution amount to an unfair double disgorgement." *Id.* at 79. The district court did not impose an unlawful double bill. Nor did it commit any clear error in calculating the appropriate forfeiture amount. *See United States v. Leyva*, 916 F.3d 14, 30 (D.C. Cir. 2019) (reviewing forfeiture calculation for clear error). The district court ordered a $2,083,915.84 forfeiture award based on trial exhibits showing the Medicare contractor deposited that amount, as compensation for the fraudulent bills, into Gooding's bank account.

* * *

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

## Per Curiam

FOR THE COURT:
Mark J. Langer, Clerk

BY:   /s/
Michael C. McGrail
Deputy Clerk

3